

# IN THE
# TENTH COURT OF APPEALS

### No. 10-15-00199-CV

**WILLIAM WINDSOR,**

**Appellant**

v.

**JOEYISALITTLEKID, ET AL,**

**Appellee**

From the 378th District Court
Ellis County, Texas
Trial Court No. 88611

## MEMORANDUM OPINION

William M. Windsor, submitted a notice of appeal which was filed by the Clerk of this Court on June 2, 2015, appealing "all orders issued in this case since the last Notice of Appeal was filed on or about March 13, 2015."  By letter dated June 9, 2015, the Clerk of this Court notified Windsor that his original filing fee for the appeal was past due, a docketing statement was due, and the appeal was subject to dismissal because it appeared there was no final order from which to appeal.  Windsor was

warned in the same letter that failure to file the docketing statement, pay the filing fee, and file a response showing grounds for continuing the appeal, all within 14 days from the date of the letter would result in the appeal being dismissed. More than 14 days have passed, and Windsor has failed to file a docketing statement, pay his original filing fee, or provide the Court with a response showing grounds for continuing the appeal.

In response to the Clerk's letter, Windsor did, however, assert that he never intended to file a notice of appeal. Instead, he claims he filed an amended notice of appeal on May 30, 2015 to cover post-dismissal orders. Windsor attempts to mislead the Court about what Windsor sent us and what was filed.

The Court received a "Notice of Appeal" from Windsor. It was signed by Windsor on May 29, 2015 and filed in this Court on June 2, 2015. There was nothing in the notice that indicated it was amending any other notice of appeal. Windsor had been instructed many times to note the appellate case number on the document he submits for filing. Windsor did not follow our instructions. Had Windsor actually intended to amend a notice of appeal, he should have followed the Court's instructions and designated the number of the case for which he sought to amend the notice of appeal. Further, Windsor specifically stated in the Notice of Appeal that was filed that it was intended to cover all orders since the last notice of appeal was filed, not that it was intended to cover orders issued since the date the underlying proceeding was dismissed as he now claims. The underlying proceeding was dismissed on February 3, 2015. Prior

to this notice of appeal, the last notice of appeal was filed on March 17, 2015 and assigned the appellate case number 10-15-00092-CV. Had Windsor actually intended to file an amended notice of appeal to cover post-judgment orders, the notice would have stated that it was to cover all orders issued since February 3, 2015.

Windsor has completely failed to follow the instructions of the Court and the Clerk of this Court. Accordingly, this appeal is frivolous and is dismissed. *See* TEX. R. APP. P. 42.3(c).

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R. APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208; § 51.941(a) (West 2013). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed
Opinion delivered and filed July 16, 2015
[CV06]

